**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BASHIR JAMA ISSE,

    *Plaintiff*,

v.

FIELD OFFICE DIRECTOR OF
ENFORCEMENT AND REMOVAL
OPERATIONS, DETROIT, *et al.*,

    *Defendants*.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:25-cv-00872

Judge Jeffery P. Hopkins

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

Petitioner Bashir Jama Isse ("Petitioner" or "Mr. Isse"), a citizen and native of Ethiopia, filed an Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 and Complaint for Declaratory and Injunctive Relief on January 28, 2026. *See* Am. Petition, Doc. 16, ¶ 1. Mr. Isse challenges the lawfulness of his continued detention by U.S. Immigration and Customs Enforcement ("ICE") at the Butler County Jail. *Id*. Respondents filed a Return of Writ (Doc. 17), to which Petitioner filed a Reply (Doc. 18). The Court held a telephone status conference on the matter on May 19, 2026. Notation order, 5/19/26.

Mr. Isse has been detained since May 21, 2025—for over a year. *See* Parker Decl. Doc. 11-1, ¶ 3. At the time of his detention—and still today—ICE has not obtained travel documents necessary to effectuate his removal to Ethiopia, despite Mr. Isse's completion of his travel document application on December 10, 2025. *Id*. ¶ 21; Isse Decl. Doc. 18-1, ¶ 6 ("I was told that [ICE] would come back to let me know what Ethiopia said about getting me a travel document" in December 2025). Moreover, during the May 19, 2026, telephone status

1

conference, Respondents represented that they had yet to receive *any* updates regarding Mr. Isse's removal to Ethiopia. Notation order, 5/19/26. Prior to his arrest and detention, Mr. Isse, who is married to a U.S. citizen and who has two minor children who are also U.S. citizens that he supports, had been a law-abiding noncitizen with work authorization. *See* Pet'r Exs. G–I, Doc. 16-7, PageID 290–93. Until his detention, Mr. Isse had worked as a truck driver the income from which he had used to pay child support and to support his new spouse. Am. Petition, Doc. 16, ¶ 22. Mr. Isse had not been determined by immigration authorities to be a flight risk or danger to the community and had presented himself during regular check-ins. *Id.* ¶¶ 2, 17.

Under the circumstances of this case, the Court finds, based on the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), that Mr. Isse's removal is no longer reasonably foreseeable. *See Masheli v. Noem*, No. 1:25-cv-1577, 2026 WL 177591, at \*3 (W.D. Mich. Jan. 22, 2026); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 397 (D.N.J. 2025) (granting release prior to six months of detention where "Petitioner sufficiently established that his removal is not reasonably foreseeable and that his detention has exceeded that 'period reasonably necessary to secure [his] removal.'") (quoting *Zadvydas*, 533 U.S. at 699–700)); *Mbonga v. Raycraft*, 809 F. Supp. 3d 762, 767 (N.D. Ohio 2025) ("Given [Petitioner's] history of compliance and the fact that the travel documents had not been secured, his immediate detention was unnecessary.").

Accordingly, for the reasons set forth herein and those stated on the record at the telephone status conference held on May 19, 2026 (Notation order, 5/19/26), Mr. Isse's continued detention violates the Due Process Clause of the Fifth Amendment. *See Camara v. Field Off. Dir. for Enf't & Removal Operations Detroit*, No. 1:25-cv-740, 2026 WL 775585 (S.D.

2

Ohio Mar. 19, 2026). His Amended Petition for Writ of Habeas Corpus (Doc. 16) is **GRANTED**. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his preexisting Order of Supervision, and to certify compliance with this Order by filing on the docket no later than one day after the filing of this Order.

      **IT IS SO ORDERED.**

May 22, 2026

Jeffery P. Hopkins
United States District Judge

3